**COSSETT, Plaintiff-Appellee v MOORE, Defendant-Appellant.**

Ohio Appeals, 3rd District, Hancock County.

No. 440. Decided June 8, 1942.

Betts & Betts, Findlay, for plaintiff-appellee.
W. S. Snook, Findlay, for defendant-appellant.

## OPINION

By GUERNSEY. J.

This is an appeal upon questions of law from the judgment of the Court of Common Pleas of Hancock county, in an action pending therein wherein the appellee L. Cossett was plaintiff, and the appellant Fred P. Moore was defendant.

In his petition, for his first cause of action, plaintiff alleges that he had a legal title to and is entitled to the posssesion of certain real estate located in the City of Findlay, Hancock county, Ohio, which is specifically described.

Plaintiff further alleges that the defendant unlawfully withholds possession from the plaintiff.

For his second cause of action in his petition, plaintiff alleges that the defendant while keeping plaintiff out of possession as aforesaid has ever since the 14th day of June 1941, excluded the

plaintiff from the rents, issues and profits of said premises and refuses to accouunt or pay to plaintiff any part of the value thereof; the value of the rents, issues and profits from the said date and the damages for withholding said premises from plaintiff amount to the sum of seventy dollars.

The prayer of the petition is for the recovery of said premises and for damages for the unlawful withholding of the possession of said premises in the sum of $70.00 and for all other necessary relief.

In his answer to the petition the defendant makes allegations constituting a general denial of the facts pleaded in the petition and further answering alleges "that the defendant has had open, uninterrupted and undisputed possession of said premises, since the day of ; that at that time he entered into possession of the premises described in the petition, under contract of purchase and sale with John VanAlstine and James VanAlstine, former owners thereof, and ever since he has exercised dominion and control thereof, paid taxes and assessments thereon and made permanent and lasting improvements to said premises."

The prayer of his answer is that his rights to said premises be fully protected by the court, that the petition of the plaintiff be dismissed, and that he go hence and recover his costs.

To this answer plaintiff filed reply denying the allegations contained therein.

The cause was tried to a court and jury.

Plaintiff offered evidence tending to prove the allegations of his petition.

At the close of plaintiff's evidence the defendant testified in his own behalf, the material parts of his testimony being as follows:—Defendant lives on Route 2, Findlay, on the Fostoria Road, and is now in possession of the real estate in controversy, having taken possession thereof in 1939 about the month of March. At that time the VanAlstine boys had been trying to sell the property and came to the defendant and he bought it.

The following question was then submitted to defendant: "Now, you say you bought it and you may state the terms under which it was purchased." This question was objected to by plaintiff's counsel. On this objection the court made a ruling as follows: "Whatever there is of evidence of this kind must be-evidence that is in writing as required by the statute. Let's produce that first. If there is anything in writing with regard to this transaction let's have that in evidence." "According to the statute of frauds." The following question was then submitted to the defendant. "I will ask you, Mr. Moore, if you took possession of this property after the terms and conditions of the sale were agreed upon between you and Mr. VanAlstine?" This question was also objected to by plaintiff's counsel and the court made a ruling sustaining the objection "unless the element of writing is in the question."

Thereupon the jury was excused from the court room and retired to the jury room, and in the absence of the jury the question was argued by counsel, after which the court ruled as follows:

"It may seem like a strange law but then again this is a strange lawsuit. This is a peculiar lawsuit, this is an action in ejectment brought under the statute and, while the statute provides for an action in ejectment, what it does is virtually follow the framework that was provided in our English common law, so we are having in court now a hearing based on old English common law of ejectment. Now, the rule in such an action is stated in 18 American Jurisprudence at page 66. The common law rule excludes all defenses from an ejectment action excepting those that are legal and this rule still obtains in the absence of the statute where the distinction between actions at law and statutes of equity is preserved. In other words, unless there are decisions in Ohio authorizing the court to present to the jury in a case of this kind matters which are purely equitable for the jury to determine, the court is constrained to follow the common law rule on this which bars from consideration in this strictly legal action a defense which is purely equitable. This is an action which is based upon such legal title as the parties have on one side or the other. The plaintiff, with apologies for what the jury may find, comes into court with a title that is a legal title and it can be met by way of defensive material only with a legal title that is superior to the legal title that is offered by the palintiff. Now, there is no evidence offered of a legal title. The tender of evidence in this case is of such material as under equitable rules, if the material is strong enough, a court of equity will substitute. A court of equity might conceivably have a right to pick up fragmentary conversation, this bit of correspondence, the other things that were done and lump them altogether and say this thing is a substitute for other things the law requires and therefore this case is an equitable proposition is taken as statutory fraud and this case is an exception. That is the functioning of a court of equity. This court now is not sitting as a court of equity. This court is sitting as a straight court of law and only legal defenses will be recognized and it is only in the event that this defendant can present a legal title that the court is willing to allow it to go to the jury in evidence, for the court is not going to present to the jury for a jury's consideration the mass of things that might go to make up an equitable substitute for a legal title."

To this ruling the defendant excepted, and made the following statement as to his defense and proffer of proof, to wit:

"Thereupon counsel upon behalf of the defendant offered in defense that sometime in March of 1939, the defendant Moore and VanAlstine, the former owner of this property, entered into an

agreement for the purchase and sale of the premises, that the purcase price that was agreed upon was $300.00 and an assumption of all taxes, delinquent taxes and otherwise; that Moore, in compliance with this contract with the VanAlstines, was placed in possession of the premises and made improvements on it and paid taxes on it; that he has held possession of the premises ever since that time and is still in possession of it; that he has had no notice from the VanAlstines of the pretended sale made to McManness and Cossett; that he had arranged some time in the early part of May, 1941, to pay off the entire purchase price of the premises, had mailed a deed to the VanAlstines conveying also the premises to him and had at the same time mailed a release of the mortgage on the premises, the VanAlstines to release the mortgage. At no time has he violated the terms of his agreement with the VanAlstines for the purchase of this property. That counsel for the defendant has a letter written by Mr. VanAlstine and the VanAlstines in which he states the terms of the contract. Back in '39 this letter was written and he states in writing the terms of the contract, the purchase price."

"In support of the foregoing statement the defendant will offer the testimony of Mrs. Fred Moore and Clarence Cusac, also Jesse Helfer and W. S. Snook who had all the terms given to him between him and them. And also the letter from VanAlstines dated September 12, 1939, and mailed at Allred, Texas, to Fred P. Moore at 339 E. Main Cross Street, Findlay, Ohio, being marked Defendant's Exhibit 1."

"The defendant also offers to show by the testimony of the treasurer of Hancock county that the delinquent taxes now on the premises is $181.69; that on March 27, 1941, Fred P. Moore paid $46.80 taxes; that on February 28 of 1939 the VanAlstines paid $59.85 on the taxes out of money which was given to them as payment on the purchase price of the premises."

"The defendant also would prove by the testimony of P. W. Ewing that sometime in 1940 Mr. Moore applied to him for a loan on these premises but that the loan was refused on account that the property was in the water district but later on in May of 1941 Moore arranged with the bank that the consideration for the property would be paid to the bank upon the VanAlstines executing a deed and sending it to the bank with the proper release of the mortgage on the premises and when these papers were received by the bank and examined by the attorney to see whether they were properly executed, then Moore was to deposit the balance of the purchase price and all delinquent taxes. That in pursuance of that he sent a deed and release of the mortgage to the VanAlstines but they never returned them and never notified him they had sold it to some one else."

Immediately following this statement of defense and proffer

of proof, the following recitals appear in the bill of exceptions, to wit:

"The court having sustained an objection to the question propounded to the witness, and the above complete tender having been inserted in the record, it is now stipulated and agreed by counsel and by the court that all succeeding questions directed to the same witness or to the other witnesses bearing upon the same subject matter as indicated in the above tender would be objected to and that the objection would be sustained to each and every one of said inquiries. And that the rights of the defendant in the case shall not be prejudiced by his failure to put each of said individual witnesses on the stand and propound each one of said questions individually."

"And thereupon the defendant, having indicated that the evidence, as contemplated in the above tender, being all of the evidence to be offered on behalf of the defendant so that there is no further evidence to be offered as to plaintiff's first cause of action, the defendant thereupon proceeded to offer the following evidence upon the subject of rental as referred to in plaintiff's second cause of action."

The evidence last mentioned was defendant's testimony tending to prove that he had not rented the premises in controversy from plaintiff.

At the close of this evidence the plaintiff moved the court to direct a verdict in his favor on the first cause of action set forth in plaintiff's petition, which motion was then sustained by the court.

The second cause of action pleaded in the petition was then submitted to the jury who returned a verdict as follows: "We, the jury, being duly impaneled and sworn, find the issues in this case in favor of the plaintiff and assess the amount due the plaintiff from the defendant the said L. Cossett, at the sum of seventy dollars ($70.00)."

The defendant filed a motion for new trial which was overruled and judgment entered against the defendant.

The journal entry overruling the motion for new trial and entering judgment, omitting the caption and description of the real estate, is in the words and figures following, to wit:

"This cause came on for hearing before the court upon defendant's motion for new trial, the said cause having heretofore been submitted to a jury which returned a verdict in favor of the plaintiff awarding him possession of real estate described in the petition and damages in the sum of seventy dollars ($70.00); the court finds that said motion for new trial is not well taken and should be overruled.

It is therefore considered and adjudged by the court that de-

fendant's motion for new trial be and the same hereby is over-ruled; that the plaintiff recover against the defendant Fred P. Moore the premises and the possession thereof in the petition described; and also the sum of seventy dollars ($70.00) damages so assessed by the jury and his costs herein expended; and it is further ordered that a writ of possession issue against defendant to put plaintiff in possession of said premises; to all which finding and orders the defendant excepts."

It is from this judgment that this appeal is taken.

The defendant-appellant assigns errors in a number of particulars which may be summarized as follows:

The court erred in rejecting evidence offered on behalf of defendant-appellant in support of his defense, and in denying defendant-appellant the right to present to the jury any evidence whatever in support of his defense; and in directing a verdict in favor of the plaintiff-appellee on plaintiff's first cause of action.

These errors will be considered together.

In his petition, the plaintiff stated a cause of action for the recovery of real property, in conformity with the provisions of §11903 GC.

The defendant's answer is in conformity with the provisions of §11904 GC, in that the provisions of said section conferred on him the right, in his answer in such action, to deny generally the title alleged in the petition and that he withholds the possession, and also the right to set forth other and further grounds of defense, counterclaim and set-off as in any other form of action, whether such as have been denominated legal or equitable, or both.

In an action to recover the possession of real estate, such as the instant action, a parol contract of purchase is available in defense, provided the fact of possession and part performance are such as to take the case out of the operation of the statute of frauds. 28 Corpus Juris Secundum, page 894; 24 L. R. A. 255; 19 Corpus Juris, 1084, notes 81 and 79; L. R. A. 19F, 256.

In his answer in the instant case the defendant pleaded facts of possession and part performance of such character as to take the case out of the operation of the statute of frauds in the event the contract of purchase was a parol contract.

The tender of proof is to the effect that the contract of purchase was a parol contract which was entered into sometime in March of 1939 and under which the defendant had held continuous possession, made improvements, paid taxes, paid a portion of the purchase price and made arrangements to pay and had offered to pay the entire balance owing upon the purchase price, and had otherwise complied with and not violated the terms of his agreement for the purchase of the property.

Such proffer of proof tended to support the defense pleaded in his answer and, under the answer, presented an issue upon

 **103**

which, if defendant prevailed, plaintiff would not be entitled to a judgment of ejectment.

In jurisdictions such as Ohio, where equitable defenses are admissible in ejectment, the legal defense, if any, to the cause is triable by jury and the equitable defense is triable by the court. It is the better practice for the court to try the equitable defense first, for if the defendant prevails on his equitable defense the plaintiff is not entitled to a writ of ejectment and it is unnecessary to try the legal defense. However, if the court sees fit to do so, it may submit both the legal and equitable defenses in such action to a jury, treating the verdict of the jury on the equitable defense as being rendered by it in an advisory capacity which the court in the exercise of its discretion may or may not adopt as its finding upon the equitable defense. American Jurisprudence, Volume 18, Ejectment, Section 116, pages 93, 94. 28 Corpus Juris, Ejectment, Section 102, subdivision B, pages 993, 994.

The record in the instant case affirmatively shows that the court not only refused to submit the evidence on the equitable defense pleaded in the answer to the jury but excluded it from consideration by the court acting as a court of equity, and without any consideration of such equitable defense or any finding by it thereon, directed the jury to return a verdict in favor of the plaintiff and entered judgment of ejectment upon such verdict.

This action of the court was such as to wrongfully preclude the defendant from any adjudication of his equitable defense. In this respect the court erred, and for such error the judgment will be reversed and the cause remanded for new trial and further proceedings according to law, at costs of plaintiff-appellee.

KLINGER, PJ., and CROW, J., concur.